FILED
SUPERIOR COURT
OF GUAM

2025 NOV 12 PM 3: 36

CLERK OF COURT

BY:_____ ᴶᴷ _____

## IN THE SUPERIOR COURT OF GUAM

KAYA TAITANO,

                       Plaintiff,

vs.

GUAM WATERWORKS AUTHORITY, and
the GOVERNMENT OF GUAM,

                       Defendants.

Civil Case No. CV0365-25

**DECISION GRANTING DEFENDANT'S MOTION TO DISMISS**

### INTRODUCTION

This matter came before the Honorable John C. Terlaje on September 16, 2025, for a Motion Hearing regarding Defendant's Motion to Dismiss. Attorney Matthew Holley appeared on behalf of Plaintiff Kaya Taitano. Attorney R. Marsil Johnson appeared on behalf of the Guam Waterworks Authority ("GWA"). After reviewing the record, relevant law, and arguments from the parties, the Court **GRANTS** the Motion to Dismiss because Plaintiff failed to meet the *Quan* test for all the elements required to waive Sovereign Immunity under the Government Claims Act.

### BACKGROUND

Taitano filed her Complaint on May 19, 2025. GWA filed its Motion to Dismiss on July 22, 2025. Taitano filed her Opposition to GWA's Motion to Dismiss on August 19, 2025. GWA

Page 1 of 9

filed their Reply Memorandum on September 2, 2025. The Court heard oral arguments for the Motion to Dismiss on September 16, 2025.

## STATEMENT OF FACTS

1. In her Complaint, Taitano alleged that on or about May 23, 2024, Taitano was lawfully operating her vehicle on Route 10A in Tamuning, Guam. Compl. for Personal Injury and Property Damage at 2, May 19, 2025. Taitano alleged that at that time, Benny C. Chargualaf, an employee of GWA, was operating a GWA vehicle within the course of his employment. *Id.* at 3. Taitano alleged that Chargualaf rear-ended Taitano's vehicle after the gas pedal of his vehicle became wedged beneath the brake pedal, causing unintended acceleration and failure to stop in time. *Id.*

2. Taitano alleged that Chargualaf admitted fault, and liability is undisputed. *Id.*

3. Taitano alleged that she suffered serious injuries to her neck, back, right shoulder, and right foot. *Id.* Taitano alleged that she was transported to Guam Memorial Hospital directly following the collision and has since undergone multiple medical evaluations, diagnostic imaging, and treatment. *Id.* Taitano alleged that she has experienced prolonged pain, physical limitations, emotional distress, and loss of quality of life. *Id.*

4. Taitano alleged that she missed significant time from work and incurred economic losses, including medical expenses, reduced work capacity, and the loss of her vehicle. *Id.* Taitano alleged that her 2008 Toyota Rav4 was totaled in the collision. *Id.*

5. Taitano alleged that, on October 7, 2024, she submitted her Notice of Claim to the Office of the Attorney General ("OAG"). Pls.' Opp'n to Def. Guam Waterworks Authority's Mot. to Dismiss at 2, Aug. 19, 2025. Taitano alleged that the Notice of claim submitted to

the OAG included a Government Claim Form signed and certified by Taitano. *Id.* at 3. Taitano alleged that on October 28, 2024, OAG informed Taitano that she needed to submit her Notice of Claim directly to GWA. *Id.*

6. Taitano submitted her Notice of Claim directly to GWA on October 29, 2024. *Id.*; Mem. in Supp. of Mot. to Dismiss at 2, Jul. 22, 2025.

7. GWA alleged that the Notice of Claim consisted of a three-page letter summarizing Taitano's claim and was signed only by her legal counsel. Mem. in Supp. Of Mot. to Dismiss at 3; Pls.' Opp'n to Def. Guam Waterworks Authority's Mot. to Dismiss at 2. Taitano alleged that her certified and signed Government Claim Form was submitted to the OAG and inadvertently may not have been forwarded to GWA and she was never informed that the Government Claim Form was never submitted. Pls.' Opp'n to Def. Guam Waterworks Authority's Mot. to Dismiss at 3.

8. The Notice of Claim contained a four-page Guam Airport Police Traffic Accident report; fifty-three pages of medical records, invoices, and receipts; four pages of photographs of her vehicle; a screenshot of a Kelley Bluebook private party range estimate; and one page of details relating to rental of a midsize SUV for thirty days. Mem. in Supp. Of Mot. to Dismiss at 3; Decl. of Matthew J. Holley at 1, Aug. 19, 2025; Pls.' Opp'n to Def. Guam Waterworks Authority's Mot. to Dismiss at 2.

9. GWA alleged that the Notice of Claim did not contain a statement of whether Taitano received any payment from anyone on account of her claim or any amount received; whether any third person has any interest in Taitano's claim; whether Taitano had any insurance covering the damage she alleged to have suffered; whether she received

payments from any insurance carrier; and without Taitano's verification. Mem. in Supp. Of Mot. to Dismiss at 3.

10. On January 28. 2025, Taitano alleged that her attorney received correspondence from Attorney Theresa G. Rojas, counsel for GWA, acknowledging receipt of Taitano's claim. Pls.' Opp'n to Def. Guam Waterworks Authority's Mot. to Dismiss at 2. Taitano also alleged that in that correspondence Rojas confirmed that the claim had been forwarded to GWA's insurer, AM Insurance, on October 30, 2024, and that acknowledgment from the underwriter, DB Insurance/Moylan's, was received on November 1, 2024. *Id.* Taitano alleged that her counsel responded to this email that same day and asked if GWA needed any more information. *Id.* Taitano and her attorney alleged that they never received a response from Rojas. *Id.*

11. Taitano alleged that, on February 4, 2025, Attorney R. Marsil Johnson, retained counsel for GWA, confirmed receipt of the claim and requested an extension until February 20, 2025 to review the matter and issue a recommendation to GWA and its insurer. *Id.* Taitano's counsel replied the same day and agreed to the extension and offered to provide any additional information or discuss the claim further. *Id.*

12. Taitano alleged that, on March 25, 2025, her counsel followed up with Johnson and inquired about the status of the claim. *Id.* Taitano alleged that, on April 21, 2025, her counsel followed up again with Johnson and noted that absent a response Taitano would proceed with filing her suit. *Id.*

## DISCUSSION

In its Motion to Dismiss, GWA argued that Taitano's Complaint should be dismissed because the Court lacks subject matter jurisdiction. Mem. in Supp. Of Mot. to Dismiss at 4-5. GWA explained that while the Government of Guam ("GovGuam") has waived sovereign immunity in Tort cases, Taitano's Complaint failed to comply with statutory requirements that allow a plaintiff to bring such a case against GovGuam. *Id.* at 4–10. Taitano argued that while her Notice of Claim did not completely comply with the statutory requirements, Guam case law does not dictate complete compliance, rather it dictates a plaintiff must have tried to comply in good faith. Pls.' Opp'n to Def. Guam Waterworks Authority's Mot. to Dismiss at 7–13.

The Court will discuss, first, whether GWA's Motion to Dismiss is appropriate under Rule 12(b)(1), and second, whether Taitano's claim complied with the statutory requirements.

### I. GWA's Sovereign Immunity

A party may move to dismiss an action if it believes the Court lacks subject Matter Jurisdiction over the claims raised in the complaint. Guam R. Civ. P. 12(b)(1). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Guam R. Civ. P. 12(h)(3). "Because sovereign immunity implicates a court's subject matter jurisdiction, it 'can be raised at any time, either by a party or by the court.'" *Story-Bernardo v. Gov't of Guam*, 2023 Guam 27 ¶ 13 (citing *Sumitomo Constr., Co. v. Gov't of Guam*, 2001 Guam 23 ¶ 22.

GovGuam enjoys broad sovereign immunity. *See Marx v. Gov't of Guam*, 866 F.2d 294, 298 (9th Cir. 1989); *see also Wood v. Guam Power Auth.*, 2000 Guam 18 ¶ 10. While sovereign immunity is inherent, Congress has provided a specific mechanism by which GovGuam may

waive sovereign immunity. 48 U.S.C. § 1421a (1987); *see Marx,* 866 F.2d at 298. Under the Organic Act, GovGuam may be sued only with the consent of the Guam legislature. 48 U.S.C. § 1421a.

Therefore, GWA's Motion to Dismiss is appropriate under Rule 12(b)(1). GWA, as an autonomous agency of GovGuam, enjoys broad sovereign immunity that can only be waived by consent of the Guam legislature. Claims of sovereign immunity implicate whether the Court has subject matter jurisdiction over the case. And, here, GWA claimed that the Court has no subject matter jurisdiction because the Guam legislature has not waived sovereign immunity for torts cases that do not comply with all statutory requirements. Thus, it is appropriate to bring a Motion to Dismiss for Lack of Subject Matter Jurisdiction

## II.    Taitano's Compliance with 5 GCA § 6201.

The legislature of Guam has waived sovereign immunity for GovGuam in specific cases as defined by the Government Claims Act. 5 G.C.A. § 6105. In relevant part, the Government Claims Act includes that cases "for claims in tort, arising from the negligent acts of its employees acting for and at the direction of the government of Guam." 5 G.C.A. § 6105(b). Autonomous agencies, such as GWA, are considered part of GovGuam under the same statute. 5 G.C.A. § 6102.

However, to file a tort claim against GovGuam or its autonomous agencies, a plaintiff must follow specific statutory requirements to give GovGuam the opportunity to respond. 5 G.C.A. § 6201. The requirements, in relevant parts, include:

> e) A statement of whether or not the claimant has received any payment on account of such claim, and if so, the amount received.

(f) A statement whether or not any third person has any interest in the claim, and if so, the name and address of such person having such interest and the nature of such interest. . . .

(h) A statement as to whether or not the claimant has any insurance covering the damage alleged to have been suffered by him or her, and of any payments, if any, he or she has received from such insurance carrier

5 G.C.A. § 6201.

Whether these requirements have been met is a two-part test. *Quan v. Gov't of Guam*, 2009 Guam 20 ¶ 35. ". . . [I]n order to maintain a suit against the government, there must be some compliance with all of the requirements under the Claims Act, and the compliance must be sufficient to constitute substantial compliance." *Id.* The purpose of this test is to assess whether GovGuam would have enough information to investigate the claim as is their duty under the Government Claims Act. *Id.* at ¶ 38; 5 G.C.A. § 6203.

Here, although Taitano provided some compliance with these requirements she failed to provide substantial compliance. In her reply brief, Taitano stated that she had not received any payment, there were no other parties who had interest in the claim, and she had no insurance at the time of the accident. Pls.' Opp'n to Def. Guam Waterworks Authority's Mot. to Dismiss at 10-11. However, in her claim to GWA, she did not state any of these alleged facts explicitly. She did provide several documents showing that she paid for her medical bills herself and she did not provide any documents to suggest that there was a third party involved, she had insurance, or she received a payment. *Id.* However, some compliance is not enough to pass the *Quan* test. Instead, Taitano's compliance "must [have been] sufficient to constitute substantial compliance" in addition to some compliance for Taitano's claim to satisfy *Quan*. 2009 Guam 20 ¶ 35.

Taitano did not substantially comply with the *Quan* test such that GWA could investigate the claim. It is true that from the information given to GWA it seems as if she did not have

insurance, but GWA could not have known that Taitano gave all the information available. GWA has an obligation to investigate, but it can only investigate the information available to it. The obligation to investigate is an obligation to investigate information that would only be available to the government. In *Quan*, GovGuam failed to give Quan police reports that were essential to Quan's claims, which made Quan's claim insufficient to meet the Government Claims Act requirements. *Quan*, 2009 Guam 20 ¶¶ 39–41. Taitano's claim did not rely on information only available to GWA and GWA did not interfere in Taitano's ability to make her claim. Taitano simply omitted information she should have explicitly stated to GWA. Therefore, Taitano did not substantially comply with the Government Claims Act, and her claim should be dismissed.

## III.    Taitano's Compliance with 5 G.C.A. § 6202

As stated earlier, the Legislature of Guam has waived sovereign immunity for certain claims under the Government Claims Act. 5 G.C.A. § 6105. However, these claims must meet specific criteria. In addition to the specific criteria listed above, another section of the Government Claims Act states that "[a]ll claims filed. . . shall be signed by the claimant, his agent or his legal guardian, and verified by him. . ." 5 G.C.A. § 6202.

In this case, Taitano did not verify her claim when it was submitted to GWA. Taitano failed to sign the claim sent to GWA. Taitano's signature was found on Taitano's Government Claim Form, but the Government Claim Form was not forwarded to GWA. Instead, the claim forwarded to GWA only included Taitano's attorney's signature. Although Taitano's attorney likely acted as her agent during their attorney-client relationship, the attorney's signature did not accompany any indication that Taitano verified the complaint. Her signature was not found on the complaint nor was there any indication that she had given her attorney the authority to file

the claim. Therefore, Taitano failed to follow the requirement to both sign and verify her claim when it was submitted to GWA.

## CONCLUSION

Therefore, the Court **GRANTS** GWA's Motion to Dismiss. The Court dismisses the case without prejudice.

**SO ORDERED**, this ___11/12/25___ .

___
**HONORABLE JOHN C. TERLAJE**
**Judge, Superior Court of Guam**